UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MAUDIE LEE WILLIAMS** | **CIVIL ACTION NO. 23-1093** |
| **VERSUS** | **JUDGE EDWARDS** |
| **JELD-WEN INC** | **MAG. JUDGE MCCLUSKY** |

### MEMORANDUM ORDER

Before the Court is a Motion to Dismiss filed by Defendant, JELD-WEN, Inc.[1] Pursuant to Local Rule 7.5, a response was initially due by January 3, 2024.[2] On January 3, 2024, the plaintiff, Maudie Lee Williams, moved for an extension of the deadline to file her opposition brief.[3] The extension was granted, and she was given until February 5, 2024, to file her response.[4] As of the date of this Order, no opposition has been filed. Hence, the Motion is unopposed.

After careful consideration of the Motion, the record, and the applicable law, the Motion is **GRANTED** and Maudie Lee Williams' claims against JELD-WEN, Inc., are **DISMISSED** without prejudice.

### I. BACKGROUND

This is an employment discrimination case, wherein the plaintiff, Ms. Williams, alleges that the defendant, JELD-WEN, Inc., ("JELD-WEN"), did not hire her on account of her race and age.[5]

---

[1] R. Doc. 12.
[2] R. Doc. 13.
[3] R. Doc. 14.
[4] R. Doc. 15.
[5] R. Doc. 1.

On November 21, 2022, Ms. Williams filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").[6] In her charge, Ms. Williams—a fifty-year-old[7] black woman—alleged that she applied for employment with JELD-WEN six times over the course of two years to no avail, each time being passed over for a "young white female."[8] Important for later, the dates Ms. Williams alleges to have been discriminatorily not-hired are: October 23, 2020, November 20, 2020, July 28, 2021, December 13, 2021, March 8, 2022, and September 12, 2022.[9] The EEOC did not pursue the charge, and issued Ms. Williams a right-to-sue letter on May 18, 2023.[10]

On August 15, 2023, Ms. Williams filed the instant suit, alleging the same general facts as her EEOC charge, except, complaining only of an October 23, 2022, date when she was not hired by JELD-WEN.[11] She brought her claims under the Age Discrimination in Employment Act ("ADEA"),[12] Title VII of the Civil Rights Act of 1964 ("Title VII"),[13] and the Louisiana Employment Discrimination Law ("LEDL").[14]

On December 13, 2023, JELD-WEN filed this Motion to Dismiss, arguing that Ms. Williams did not exhaust her administrative remedies, and that her claims had prescribed.[15] JELD-WEN uses only the October 23, 2020, date from Ms. Williams'

---

[6] R. Doc. 12-4.
[7] She was fifty years old "during [the] application process." R. Doc. 1 at p. 2.
[8] R. Doc. 12-4.
[9] *Id.*
[10] R. Doc. 12-3.
[11] R. Doc. 1 at p. 2.
[12] 29 U.S.C. § 621, *et seq.*
[13] 42 U.S.C. § 2000e, *et seq.*
[14] La. R.S. 23:301, *et seq.*
[15] R. Doc. 12.

EEOC charge in their timeliness analysis.[16] As such, JELD-WEN contends Ms. Williams waited 759 days before filing her charge with the EEOC, rendering it untimely.[17] Furthermore, JELD-WEN asserts that Ms. Williams' state-law claim under the LEDL is also prescribed.[18] JELD-WEN contends that while concurrent EEOC action can suspend prescription as to an LEDL claim, if the EEOC claim itself is untimely, prescription will run unsuspended.[19]

## II. LEGAL STANDARD

In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face."[20] A complaint attacked by Rule 12(b)(6) does not need detailed factual allegations but requires more than labels and conclusions.[21] A "formulaic recitation of the elements of a cause of action will not do."[22] When evaluating a pleading, courts must construe the complaint liberally and accept all factual allegations as true.[23] However, courts need not accept legal conclusions as facts.[24]

## III. ANALYSIS

### A. Exhaustion

A plaintiff in an employment discrimination case "must exhaust administrative remedies before pursuing claims in federal court."[25] "Exhaustion

---

[16] R. Doc. 12-1 at p. 5.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).
[21] *Id.* at 555.
[22] *Id.*
[23] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).
[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[25] *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378-379 (5th Cir. 2002).

occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue."[26] "Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'"[27]

In order to determine whether her administrative remedies were exhausted, we must determine the date of the alleged discriminatory act.[28] As mentioned earlier, JELD-WEN asserts that this date is October 23, 2020.[29] In her EEOC charge, Ms. Williams offers October 23, 2020, November 20, 2020, July 28, 2021, December 13, 2021, March 8, 2022, and September 12, 2022, as the dates of discrimination.[30] However, in her Complaint, Ms. Williams only alleges the date to have been October 23, 2022.[31] October 23, 2022, was clearly not in her EEOC charge.[32] Having not complained of discrimination occurring on October 23, 2022,[33] to the EEOC first, Ms. Williams cannot pursue claims related to that incident, and thus the Court must

---

[26] *Id.* at 379 (citing *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788–89 (5th Cir. 1996)).
[27] *Taylor,* 296 F.3d at 379 (quoting *Dao*, 96 F.3d at 789).
[28] 42 U.S.C. § 2000e-5(e)(1).
[29] R. Doc. 12-1 at p. 5.
[30] R. Doc. 12-4 at p. 1. While not attached to Ms. Williams' complaint, a court may take judicial notice of EEOC documents as a matter of public record when deciding a Rule 12(b)(6) motion. *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994); *see also King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n. 1 (N.D. Tex. 2011) ("Even though the EEOC charge is a matter outside the pleading, judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion, especially since its authenticity is uncontested."); *Gallo v. Bd. of Regents of Univ. of California,* 916 F. Supp. 1005, 1007 (S.D. Cal. 1995) ("[T]he Court may consider both the EEOC right to sue letter and the EEOC charge, either as referenced in the complaint or as public records subject to judicial notice.").
[31] R. Doc. 1 at p. 2.
[32] R. Doc. 12-4 at p. 1.
[33] Importantly, both the date cited by Ms. Williams in her Complaint, and the date chosen by JELD-WEN in its Motion, fall outside of the date range stated in the EEOC charge. R. Doc. 12-4 at p. 1. ("03/08/2022" at the "earliest" to "09/12/2022" at the "latest."). If the Court is going to dismiss this case, it will be due to Ms. Williams' error—not JELD-WEN's, and not the Court's—in choosing a date. Further, Ms. Williams had an opportunity to clarify this point in response to JELD-WEN's Motion but did not do so, despite being given an extension of time. *See* R. Doc. 15.

dismiss her Title VII and ADEA claims.[34] With Ms. Williams' federal claims dispensed of, we move last to her state law claim under the LEDL.

### 2. LEDL

As this case no longer has any live federal claims, we decline to exercise supplemental jurisdiction over Ms. Williams' LEDL claim.[35] Significant judicial resources have not been expended in this case thus far, nor has the litigation matured in any substantive way, and Ms. Williams is certainly empowered to pursue this claim in state court.[36]

### IV. CONCLUSION

For the foregoing reasons, JELD-WEN's Motion to Dismiss[37] is **GRANTED**, and Maudie Lee Williams' claims against JELD-WEN, Inc., are **DISMISSED** without prejudice. A judgment consistent with this ruling shall be issued accordingly.

**THUS DONE AND SIGNED** this 28th day of March, 2024.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[34] *See Taylor*, 296 F.3d at 379.
[35] 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if. . .(3) the district court has dismissed all claims over which it has original jurisdiction").
[36] *See Brookshire Bros. Holding v. Dayco Prod., Inc.,* 554 F.3d 595, 602 (5th Cir. 2009).
[37] R. Doc. 12.